UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Vernon Jones, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                             *Plaintiff*,

    - against -

Questfleet LLC, Mike "Doe", and Raymond "Doe",

                             *Defendants*.
-------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Vernon Jones ("Plaintiff" or "Jones"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants Quest Fleet LLC (the "Corporate Defendant"), Mike "Doe" and Raymond "Doe" (collectively the "Individual Defendants", and together with the Corporate Defendant, the "Defendants") and states as follows:

### NATURE OF THE ACTION

1. Plaintiff worked as a non-exempt transport route driver for Defendants from August 2020. Throughout his employment Defendants misclassified Jones as an independent contractor and failed to pay him legally required overtime wages, even though Jones regularly worked over forty hours per workweek. Defendants also failed to provide Jones with accurate wage statements with each payment of his wages.

2. Jones seeks injunctive and declaratory relief and to recover unpaid overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the New York

Labor Law § 190, *et seq*. ("NYLL"), and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF VERNON JONES**

6. Plaintiff is a resident of Brooklyn, New York.

7. Plaintiff was employed as a transport route driver for Defendants from August 2020.

8. Plaintiff was employed as a non-managerial employee for Defendants from August 2020.

9. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT QUESTFLEET LLC**

10. Upon information and belief, Defendant Questfleet LLC is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 634 Route 109, Lindenhurst,

New York 11757.

11. At all times relevant to this Complaint, Defendant Questfleet LLC (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

12. At all times relevant to this Complaint, Defendant Questfleet LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

13. At all times relevant to this Complaint, Defendant Questfleet LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT MIKE "DOE"**

14. Defendant Mike "Doe" is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

15. Defendant Mike "Doe" is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant

16. Defendant Mike "Doe" possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

17. Defendant Mike "Doe" determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

18. Defendant Mike "Doe" directed Jones not to personally engage with Defendants'

clients with respect to pick-up and drop off times, and instead directed Jones that only the Individual Defendants, or the Individual Defendants' dispatchers, can communicate with clients about these matters.

19. At all times relevant to this Complaint, Defendant Mike "Doe" was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

20. The true name of Defendant Mike "Doe" is unknown to Plaintiff at this time, and Plaintiff will seek leave to amend this Complaint to state his true name when it have been ascertained.

**DEFENDANT RAYMOND "DOE"**

21. Defendant Raymond "Doe" is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

22. Defendant Raymond "Doe" is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant

23. Defendant Raymond "Doe" possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

24. Defendant Raymond "Doe" determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

25. Defendant Raymond "Doe" directed Jones not to personally engage with Defendants' clients with respect to pick-up and drop off times, and instead directed Jones that only the Individual Defendants, or the Individual Defendants' dispatchers, can communicate with clients about these matters.

26. At all times relevant to this Complaint, Defendant Raymond "Doe" was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

27. The true name of Defendant Raymond "Doe" is unknown to Plaintiff at this time, and Plaintiff will seek leave to amend this Complaint to state his true name when it have been ascertained.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

28. Defendants own, operate and/or control a "year-round" courier delivery service known as "Quest Fleet" located in Lindenhurst, New York 11757, and established in 2014. *See* http://questfleet.com/about-us/.

29. Defendants jointly currently employed approximately 35-60 drivers from in or about August 2020 through the date of the filing of this Complaint.

30. Throughout Plaintiff's employment for the Corporate Defendant, either Mike "Doe" or Raymond "Doe" would assign dispatchers and routes to Corporate Defendant's employees, including Plaintiff.

31. The Individual Defendants possess operational control over the Corporate Defendant, possesses an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

32. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the

employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

34.     Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35.     In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

36.     Upon information and belief, the Individual Defendants operate the Corporate Defendant as either an alter ego of themselves, and/or fails to operate the Corporate Defendant as an entity legally separate and apart from themselves, by, among other things:

a.  failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a separate and legally distinct entity;

b.  defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.  transferring assets and debts freely as between all Defendants;

d.  operating the Corporate Defendant for their own benefit as the majority shareholders;

e.  operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

f.  intermingling assets and debts of their own with the Corporate Defendant;

g.  diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

  h.  other actions evincing a failure to adhere to the corporate form.

  37. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

  38. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

**Jones was Misclassified as an Independent Contractor**

  39. Defendants classified Jones as an independent contractor and paid him for work performed on their behalf under tax form 1099 without deducting payroll taxes.

  40. Defendants "pride [them]selves on being flexible and nimble 24/7" so that Defendants can provide their clients "with the best distribution experience." *See* http://questfleet.com/hot-shot-deliveries/.

  41. Defendants aim to provide their clients with "dependable, honest, reliable, and fully equipped" urgent courier services, "no matter where or when" a freight needs to be delivered. *Id*.

  42. Defendants aim to provide their clients with "the most exceptional delivery service experience and provide real-time tracking, optimize routes, and driver management." *See* http://questfleet.com/tracking-system/.

  43. Defendants "are known for reducing transportation expenses without lowering the quality of service." *See* http://questfleet.com/about-us/.

  44. To accomplish their business goals, Defendants misclassify their couriers, including Jones, as independent contractors, and fail to pay their couriers, including Jones, legally

required wages under the FLSA and NYLL, including overtime.

45. Defendants' drivers, including Jones, were required to wear t-shirts while working for Defendants' dispatchers.

46. Throughout his employment, Defendants set Jones' delivery routes.

47. Jones did not, and could not, negotiate his delivery routes with Defendants.

48. Throughout his employment, Defendants could change Jones' delivery routes at will, without Jones' input.

49. Throughout his employment, Defendants determined the amounts that Jones would be paid. Jones did not negotiate his pay.

50. Throughout his employment, Defendants required Jones to report to Mike "Doe" or Raymond "Doe" throughout the course of his performance of work duties each workweek.

51. Throughout his employment, Defendants supervised and directed Jones' performance of his work duties. For example, Defendants required Jones to start and end his workday at a pre-assigned dispatch location.

52. Jones was also required to return to the pre-assigned dispatch location in between every delivery, to be assigned routes.

53. Throughout his employment, Defendants required Jones to contact them if he had to change his schedule.

54. Throughout his employment, if Jones did not perform his duties as Defendants ordered him to do so, Defendants would threaten to take away Jones' dispatch locations, or change Jones' routes, effectively taking away his weekly compensation.

**Defendants' Failure to Pay Plaintiff Legally Required Wages**

55. From at least August 2020, Jones regularly worked approximately 7:00 a.m. to

6:00 p.m. per workweek, five (5) to six (6) days per week, for approximately 55 to 66 hours during each of the weeks, respectively.

56. Throughout his employment for Defendants, Jones was paid as an independent contractor on a salary basis, at a rate of $120 per day.

57. On average, Defendants regularly paid Jones approximately $600 to $720 per workweek throughout his employment.

58. Plaintiff's wages did not vary regardless of how many additional hours he worked in a week.

59. For example, on multiple occasions, Jones was assigned a drop-off location in Coney Island, New York, which required him to drive an additional 1-2 hours past his typical schedule.

60. For these drop-off assignments, Defendants never paid Jones additional regular or overtime wages.

61. If Jones ever worked a part day, or a half-day, Defendants would not pay Jones his $120 day rate, and would deduct Jones' pay.

62. Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, flat-rate paid positions, during the statutory period.

63. Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

64. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

65. At all relevant times, Defendants did not compensate Plaintiff for one hour's pay

9

at the basic minimum hourly wage rate for each day his shift exceeded ten (10) hours.

66. Defendants never granted Plaintiff with meal breaks or rest periods of any length.

67. Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

68. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

69. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

70. Defendants did not give any notice to Plaintiff, in English (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

71. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

72. Plaintiff brings the First, Second, and Third Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to transport route drivers and couriers) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

73. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices,

procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

74. The First, Second, Third, Fourth and Fifth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

75. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

76. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

77. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

78. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

79. Due to Defendants' violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

11

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

80. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

81. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

82. Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

83. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

84. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

85. Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

86. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

87. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

88. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

89. Due to Defendants' violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

90. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

91. Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

92. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

93. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

94. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

95. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

96. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

97. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

98. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

99. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

100. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

101. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

102. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the

name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

103. Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

104. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

105. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

106. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

    a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as

        nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f. declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h. awarding Plaintiff unpaid minimum wages;

i. awarding Plaintiff unpaid overtime wages;

j. awarding Plaintiff unpaid spread-of-hours pay;

k. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

l. awarding unpaid wages under the NYLL and the New York State contract law;

m. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

n. awarding Plaintiff pre- and post-judgment interest under the NYLL;

o. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

p. Such other relief as this Court deems just and proper.

Dated: New York, New York
      July 19, 2021                      Respectfully submitted,

                                      LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                      By:  /s/ Joshua Levin-Epstein
                                              Joshua Levin-Epstein
                                              Jason Mizrahi
                                              60 East 42nd Street, Suite 4700
                                              New York, New York 10165
                                              Tel: (212) 792-0046
                                              Email: Joshua@levinepstein.com
                                              *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*