# EXHIBIT A

## **NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE**

This Negotiated Settlement Agreement and Release ("Settlement Agreement") is entered into by and between Plaintiff Vernon Jones ("Jones"), Khalil Moses, who filed a consent to join the Litigation on January 26, 2022 ("Moses"), and Defendants Questfleet, LLC ("Questfleet") and Raymond Pichardo ("Pichardo") in full and final settlement of the litigation captioned *Jones v. Questfleet, LLC, et al.*, Case No. 21-cv-4042, venued in the U.S. District Court for the Eastern District of New York ("Litigation"). Jones and Moses are referred to collectively herein as "Plaintiffs". Questfleet and Pichardo are referred to collectively herein as "Defendants". Plaintiffs and Defendants are at times collectively referred to herein as "Parties".

**WHEREAS**, in the Litigation, Plaintiffs assert claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), alleging, *inter alia,* violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL");

**WHEREAS**, Defendants deny any violations or improper conduct, deny that any employment relationship existed, and deny that Plaintiffs are entitled to any damages or relief;

**WHEREAS**, Plaintiffs and Defendants now desire to fully and finally resolve and settle the claims asserted in accordance with the terms and conditions set forth in this Agreement and all wage and hour claims that Plaintiffs have, had, or may have against Defendants arising out of the contention that Plaintiffs were employees of Defendants.

NOW THEREFORE, Plaintiffs and Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. **Plaintiffs' Acknowledgments**. Each Plaintiff acknowledges that his relationship with Questfleet was intended to be that of an independent owner/operator and not an employee, and that the contract he signed with NICA and Questfleet created such a relationship. Each Plaintiff further acknowledges that, as an independent contractor, he would not be entitled to wages under the FLSA or the NYLL. Plaintiffs alleged in the Litigation, *inter alia,* that the control exercised by Defendants over their work converted the independent contractor relationship into an employment relationship within the meaning of the FLSA and/or the NYLL. Defendants have denied those allegations and have asserted that Plaintiffs remained at all times independent contractors in connection with the services they performed.

2. **Settlement Payment.** In consideration for Plaintiffs' entering into this Agreement and in full and complete satisfaction of all of Plaintiffs' actual and potential wage and hour claims against Releasees (as defined below), Questfleet shall pay Plaintiffs collectively the gross sum of fifty thousand dollars ($50,000) (hereinafter "Settlement Amount") inclusive of attorneys' fee and costs. The Settlement Amount shall be paid as follows:

    a. A check made payable to "Vernon Jones" in the amount of Twenty Thousand Four Hundred Ten Dollars and Five Cents ($20,410.05).

    b. A check made payable to "Khalil Moses" in the amount of Twelve Thousand Five Hundred Ten Dollars and Eighteen Cents ($12,510.18).

    c. A check made payable to "Levin-Epstein & Associates, P.C." in the amount of Seventeen Thousand Seventy-Nine Dollars and Seventy-Seven Cents ($17,079.77) inclusive of attorney's fees ($16,457.65) and costs ($622.12).

    d. Questfleet shall remit payment of each Settlement Amount to "Levin-Epstein & Associates, P.C., 60 East 42nd Street, Suite 4700, New York, NY 10165" within thirty (30) days after an order has been entered by the Court dismissing the Litigation with prejudice or September 28, 2022, whichever is later. Plaintiffs' Counsel shall provide Questfleet with an IRS Form W-9. All payments to Plaintiffs will be reported on an IRS Form 1099, consistent with Plaintiffs' acknowledgement that they were properly classified as independent contractors. Plaintiffs agree to pay all federal, state or local taxes which may become due as a result of payment of the Settlement Amount. Plaintiffs acknowledge that the payment of the Settlement Amount is in settlement of a bona fide dispute and constitutes additional consideration not otherwise owed or payable to them or their counsel but for this Settlement Agreement. Except as provided in this Paragraph 2, Defendants shall not be responsible for any of Plaintiffs' attorneys' fees or costs.

3. **Positions of the Parties**. Plaintiffs and Defendants agree that they differ widely with respect to many issues, including, but not limited to, whether Defendants exercised control over Plaintiffs work to convert the independent contractor relationship into an employment relationship. This Agreement will enable Plaintiffs and Defendants to avoid the burden and expense of establishing their respective claims and defenses. Plaintiffs acknowledge based on the information provided by Defendants and the information of which Plaintiffs were aware and had in their own possession, that the terms of the Agreement and the monies specified above are fair, reasonable, and fully compensate Plaintiffs for any and all harms they allegedly suffered if they were to be found to be employees.

4. **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that they would not receive the monies specified in Paragraph 2 above, except for their execution of this Agreement and the fulfillment of the promises contained herein and the Court approving the Agreement.

5. **Discontinuance of Claims**. Contemporaneously with the execution of this Settlement Agreement, Plaintiffs and Defendants, by their respective counsel, shall execute a Stipulation of Dismissal ("Stipulation"), dismissing the Complaint(s) with prejudice. The Court shall retain jurisdiction over this matter solely for the purposes of enforcement of this Settlement Agreement. The Parties, through counsel, shall, upon receipt of the Settlement Amount as set forth in Paragraph 2 submit the Stipulation to the Court.

6. **Release of Claims**. Plaintiffs, on behalf of themselves, and their agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter "Releasors"), hereby release and forever discharge Questfleet, its parent(s), subsidiaries, and representatives, in their individual or representative capacities, specifically including Pichardo and any other individual or entity that may be alleged to have been Plaintiffs' "employer" based on Plaintiffs' providing delivery services pursuant to their contract with Questfleet and NICA (hereinafter "Releasees"), from any and all wage and hour claims, causes of action, and demands which Plaintiffs now have or have ever had against Releasees for damages, salaries, wages, compensation, commissions, spread of hours pay, statutory damages, unlawful wage deductions, failure to maintain and furnish employees with proper wage notice or pay stubs, overtime wages, minimum wages, expense reimbursement, uniform pay, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, statutory, and other damages, statutory penalties, interest, attorneys' fees and costs, for the claims brought in this action and any other claim that could have been brought, in this action under the Fair Labor Standards Act, the New York Labor Law, the Wage Theft Protection Act, and/or any other local, state, or federal wage statue, code, or ordinance including, but not limited to, the New York State Miscellaneous Wage Order, 12 N.Y.C.R.R. Part 142, and all such additional wage and hour claims that arise out of the identical factual predicate as the claims raised in the Litigation (collectively, the "Released Claims") based upon any conduct occurring up to and including the date of the full execution of this Agreement. This release does not affect any claims arising out of the breach of this Agreement.

7. **Termination of All Controversies**. Plaintiffs acknowledge and agree that by inclusion of language that the settlement is to terminate all controversies or claims for damages or relief of whatever nature, known or unknown, in any way growing out of or connected with wages and any monies received or not received by Plaintiffs, the Agreement is made in full and complete resolution of any dispute Plaintiffs may have relating to or regarding monies received or not received by them. Plaintiffs acknowledge that there is no longer a case or controversy regarding wages or monies owed for work performed, and any monies received, and/or monies not received.

8. **Complete Defense**.  Plaintiffs agree that in the event any action, complaint, charge, grievance or arbitration is filed on their behalves (either separately or together) against any of the Releasees, which asserts claims arising out of events occurring prior to the execution of this Agreement based or otherwise dependent upon an allegation that Plaintiff(s), or Questfleet owner/operators generally, were improperly treated as independent contractors or paid inappropriately or insufficiently, this Agreement shall be a complete defense in any such proceeding and to any damages that may be awarded in such proceeding.

9. **Free and Voluntary Act**.  Plaintiffs acknowledge and agree that as a free and voluntary act, they intend to discontinue providing services pursuant to the contracts the signed with NICA and Questfleet or otherwise upon receipt of the payments described in Paragraph 2.

Plaintiffs acknowledge and agree that Defendants discontinuation of any relationship with Plaintiffs after Plaintiffs or their attorneys receive the payments set forth in Paragraph 2 will not constitute retaliation.

10. **Tax Considerations**.  Plaintiffs acknowledge and agree that they are relying upon their own legal and/or tax advisors, and not upon Defendants, their agents or attorneys, with respect to any tax aspects of this Settlement Agreement.

11. **Failure to Make Payment**. If Defendants fail to make a payment required under this Agreement within the specified schedule above, Plaintiffs' counsel shall notify Defendant's counsel, David F. Jasinski, Esq. of Jasinski P.C., in writing by either overnight delivery, facsimile or electronic mail of the deficiency. Upon receipt of the notice, Defendants shall have seven (7) business days to cure the deficiency. In the event Defendants fail to cure the deficiency within seven (7) business days from receiving notice of the default, the entire unpaid balance of the Settlement Amount shall become accelerated and immediately due, less any amounts paid by Defendants. Plaintiffs also shall be permitted, without any further notice, to file a civil action to recover the entire unpaid portion of the Settlement Amount plus interest, reasonable costs and fees incurred in connection with enforcing the terms and conditions of this Agreement.

12. **Return of Financial Related Documentation**.  No later than thirty (30) days after Court approval of this Agreement or September 28, 2022, whichever is later, Plaintiffs and/or their counsel shall return any and all financial related documentation provided by Defendants, including any copies thereof.  Any electronic copies of Defendants' financial related documentation shall be completely destroyed. Plaintiffs and/or their counsel hereby acknowledge that upon return of the financial related documentation, they will retain no hard copy or electronic copy of same.  Upon any breach of this paragraph, Defendants may seek injunctive relief as well as amounts for any damages resulting therefrom.

13. **Governing Law and Interpretation**.  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provisions.  In the event of a breach of any provision of this Agreement, any Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall  immediately  become null and void, leaving the remainder of this Agreement in full force and effect. This Agreement is binding upon, and shall inure to the benefit of, the Parties and their respective heirs, executors, administrators, successors and assigns.

14. **Non-Admission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration  for  this Agreement shall  be deemed or construed  at any time for any purpose as an admission by any Party of  wrongdoing or evidence of any

4

liability or unlawful conduct of any kind. Plaintiffs shall not be considered prevailing party(ies) and fee shifting shall not apply.

15. **Additional Representations**. By signing this Agreement, Plaintiffs acknowledge and agree that:

    a. They consulted with an attorney before executing this Agreement.
    b. Other than the litigation captioned *Jones v. Questfleet, LLC, et al.*, Case No. 21-cv-4042, venued in the U.S. District Court for the Eastern District of New York, Plaintiffs have not filed, caused to be filed or presently is are a party to any claim against the Releasees in any court or before any administrative agencies, including, but not limited to the Equal Employment Opportunity Commission, the New York Division of Human Rights, the United States Department of Labor and the New York Department of Labor.
    c. Upon receipt of the payments pursuant to this Agreement, Plaintiffs shall have been paid all monies, wages, compensation, and benefits that could have been owed or received.
    d. Plaintiffs signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder.
    e. The only consideration for signing this Agreement is the terms stated herein and no other promise, agreement or representation of any kind has been made to Plaintiffs by any person or entity whatsoever to cause Plaintiffs to sign this Agreement.
    f. The Court may modify or strike any of the foregoing in this document if necessary for approval of this Settlement Agreement.

16. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

17. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto with respect to its subject matter, and fully supersedes any prior agreements or understandings between the Parties. Any modifications or changes to the proposed Settlement Agreement to obtain Court approval would not affect the validity of the representations of fact made by Plaintiffs in the proposed Settlement Agreement and Defendants may rely upon such factual representations, except that the Court may also strike this sentence if necessary to approve this Agreement.  Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

18. **Counterparts**. This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this

      Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

19. **<u>Court Approval.</u>**  This Settlement Agreement shall be effective if and only if it is approved by the Court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

Dated: _____, 2022

_____
Vernon Jones, Plaintiff

Dated: _____, 2022

_____
Khalil Moses, Plaintiff

Dated: _06, 24_, 2022

_[signature: Marin Facundo De Leo]_
Questfleet, LLC
Name:
Title:

Dated: _06/24_, 2022

_[signature: Raymond Pichardo]_
Raymond Pichardo

6

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

Dated: *June 22nd*, 2022          _____
                                  Vernon Jones, Plaintiff

Dated: _____, 2022           _____
                                  Khalil Moses, Plaintiff

Dated: _____, 2022           _____
                                              Questfleet, LLC
                                  Name:
                                  Title:

Dated: _____, 2022           _____
                                              Raymond Pichardo

6

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

Dated: _____, 2022    _____

                                            Vernon Jones, Plaintiff

Dated: _____, 2022    _____

                                            Khalil Moses, Plaintiff

Dated: _____, 2022    _____

                                            Questfleet, LLC

Name:

Title:

Dated: _____, 2022    _____

                                            Raymond Pichardo